IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| U.S. VENTURE, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>        Defendant. | CIVIL NO: |

**COMPLAINT FOR REFUND OF FEDERAL EXCISE TAXES**

      Plaintiff, U.S. Venture, Inc. ("U.S. Venture" or "Plaintiff"), hereby files this Complaint for refund of Federal excise taxes that were erroneously collected and illegally retained by Defendant, United States of America ("Defendant"), acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), and as the basis for this Complaint alleges as follows:

## I.
## PRELIMINARY STATEMENT

      1.     Plaintiff's action arises under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of Federal excise taxes erroneously collected and illegally retained by Defendant for Plaintiff's taxable quarters ending March 31, 2017, June 30, 2017, September 30, 2017 and December 31, 2017 (the "Taxable Quarters at Issue"), plus any statutory interest thereon as provided by law. This dispute arises over whether Plaintiff's gasoline-butane mixtures qualify as alternative fuel mixtures under 26 U.S.C. § 6426(e).

## II.
## THE PARTIES

2. Plaintiff, U.S. Venture, Inc., is a corporation organized and existing under the laws of the State of Wisconsin. Plaintiff produces and sells alternative fuel mixtures. Plaintiff's Federal Employer Identification Number is 39-0964014.

3. Defendant is the United States of America, acting through the Commissioner.

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422 because Defendant erroneously collected and illegally retained Federal excise taxes from Plaintiff.

5. Plaintiff timely filed Internal Revenue Service ("IRS") Forms 720, Quarterly Federal Excise Tax Return, on which it reported its quarterly Federal excise tax liability, pursuant to 26 U.S.C. § 4081, for the Taxable Quarters at Issue. 26 C.F.R. § 40.6011(a)-1. On the same date it filed IRS Forms 720, Plaintiff fully paid its quarterly Federal excise tax liability, including the amounts in dispute, for the Taxable Quarters at Issue. 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

6. Plaintiff timely filed IRS Forms 720X, Amended Quarterly Federal Excise Tax Return, for each of the Taxable Quarters at Issue. 28 U.S.C. § 6511(a).

7. On each of Plaintiff's IRS Forms 720X, Plaintiff claimed a refund of Federal excise taxes resulting from the application of certain Federal excise tax credits, pursuant to 26 U.S.C. § 6426(e), which reduced Plaintiff's Federal excise tax liability shown on its IRS Forms 720.

8. On or about September 28, 2018, Plaintiff filed an IRS Form 720X for the taxable quarters ending March 31, 2017, June 30, 2017, September 30, 2017, and December 31, 2017.

9. Six months have expired since Plaintiff filed IRS Forms 720X claims for refund for the Taxable Quarters at Issue, and this action was initiated prior to the expiration of the two-year statute of limitations, so this Court has jurisdiction to hear this action pursuant to 26 U.S.C. § 6532(a).

10. In summary, jurisdiction is proper because Plaintiff: (a) made full payment of the Federal excise taxes in dispute; (b) timely filed its claims for refund of erroneously collected and illegally retained Federal excise taxes shown on IRS Forms 720X claims for refund; and (c) filed this Complaint after six months of filing of its claims for refund and within the statute of limitations.

11. Venue for this action is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is located at 425 Better Way, Appleton, Wisconsin 54915, which is in this judicial district.

## IV.
## JURY DEMAND

12. Plaintiff hereby demands that a jury hear all issues that are triable by a jury. Fed. R. Civ. P. 38.

## V.
## APPLICABLE LAW

13. In 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, Pub. L. No. 109-59, 119 Stat. 1144 ("SAFETEA"), introduced two excise tax credits under 26 U.S.C. § 6426: (1) the alternative fuel credit, 26 U.S.C. § 6426(d), and (2) the alternative fuel mixture credit, 26 U.S.C. § 6426(e).

14. SAFETEA amended 26 U.S.C. § 6426 to include an alternative fuel credit only against the retail excise tax under 26 U.S.C. § 4041, and to allow an alternative fuel mixture

credit only against the manufacturer's level excise tax under 26 U.S.C. § 4081. Pub. L. No. 109-59, § 11113(b)(1).

15. 26 U.S.C. §§ 6426(a)(1) and (e)(1) allows a $0.50 credit against a claimant's $0.183 tax liability under 26 U.S.C. § 4081 for each gallon of "alternative fuel" used by the claimant to produce an alternative fuel mixture for sale or use in the claimant's trade or business.

16. 26 U.S.C. § 6426(e)(2) provides that for purposes of 26 U.S.C. § 6426, the term "alternative fuel mixture" means a mixture of "alternative fuel" and "taxable fuel" that is sold by the claimant producing such mixture to any person for use as a fuel, or used as a fuel by the claimant producing such mixture. 26 U.S.C. § 6426(e)(2) references 26 U.S.C. § 4083(a)(1)(A), (B), and (C) to define the term "taxable fuel".

17. For purposes of the 26 U.S.C. § 6426(e) alternative fuel mixture credit, 26 U.S.C. § 6426(d)(2) (*emphasis added*) provides that the term "alternative fuel" means:

    17.a. ***liquefied petroleum gas;***

    17.b. P Series Fuels (as defined by the Secretary of Energy under 42 U.S.C. 13211(2));

    17.c. compressed or liquefied natural gas;

    17.d. liquefied hydrogen;

    17.e. any liquid fuel derived from coal (including peat) through the Fischer-Tropsch process;

    17.f. compressed or liquefied gas derived from biomass; and

    17.g. liquid hydrocarbons derived from biomass (as defined in 26 U.S.C. § 45K(c)(3)).

18. The definition of "alternative fuel" used in 26 U.S.C. § 6426(d) is repeated in various IRS authorities in effect at the time Plaintiff filed its IRS Form 720X claims for refund,

4

20531732.1

Case 1:19-cv-00595-WCG   Filed 04/24/19   Page 4 of 14   Document 1

including IRS Publication 510, IRS Notice 2006-92, 73 FR 43890, and Instructions for IRS Form 720.

19. The term "liquefied petroleum gas" listed in 26 U.S.C. § 6426(d)(2)(A) as an alternative fuel is not defined by 26 U.S.C. § 6426, by any Treasury Regulations published under 26 U.S.C. § 6426, or in the legislative history of 26 U.S.C. § 6426.

20. There are several references to the meaning of "liquefied petroleum gas" contained in Treasury Regulations published under 26 U.S.C. § 4041, IRS Publication 510 (in effect at the time), and Instructions for IRS Form 720 (in effect at the time).

21. 26 CFR § 48.4041-8(f)(1)(i) defines "liquefied petroleum gas" as "(....propane, **butane**, pentane, or mixtures of the same)" *(emphasis added)* when defining the term "special motor fuel". 26 U.S.C. § 4041(a)(2) was amended by SAFETEA §11113(a)(3) to delete the term "special motor fuel" from 26 U.S.C. § 4041(a)(2).

22. The energy industry and other federal agencies rely on common definitions of "liquefied petroleum gas" that include "butane" and "propane" within such definitions.

23. The U.S. Energy Information Administration ("EIA"), the statistical and analytical agency within the U.S. Department of Energy, publishes a glossary of terms that includes definitions of technical terms used by the energy industry.[1] The EIA Glossary defines the term "liquefied petroleum gas" as "[a] group of hydrocarbon gases, primarily propane, normal butane, and isobutane, derived from crude oil refining or natural gas processing. These gases may be marketed individually or mixed".[2]

---

[1] EIA collects, analyzes, and disseminates independent and impartial energy information to promote sound policymaking, efficient markets, and public understanding of energy and its interaction with the economy and the environment. EIA is the nation's premier source of energy information and, by law, its data, analyses, and forecasts are independent of approval by any other officer or employee of the U.S. government.
[2] https://www.eia.gov/tools/glossary/index.php8id=Liquefied%20petroleum%20gases%20%28LPG%29

24. The EIA's Glossary defines "butane" as "**Butane ($C_4H_{10}$):** A straight-chain or branch-chain hydrocarbon extracted from natural gas or refinery gas streams, which is gaseous at standard temperature and pressure. It includes isobutane and normal butane and is designated in ASTM [American Society for Testing and Materials] Specification D1835 and Gas Processors Association specifications for commercial butane". Butane and propane are universally regarded as liquefied petroleum gases by federal and state agencies, as well as the energy industry in general.[3]

25. 26 U.S.C. § 4083(a)(1) defines the term "taxable fuel" as gasoline (26 U.S.C. § 4083(a)(1)(A)), diesel fuel (26 U.S.C. § 4083(a)(1)(B)), and kerosene (26 U.S.C. § 4083(a)(1)(C)), for purposes of 26 U.S.C. § 6426(e).

26. IRS Notice 2006-92, 2006-2 CB 774, 09/29/2006, provides procedural rules under which a credit or payment may be obtained under 26 U.S.C. § 6426(e) for an alternative fuel mixture under 26 U.S.C. §§ 4041(a)(2), 4041(a)(3), and 4081(b).

27. The following conditions that must be met before a claimant is eligible for the alternative fuel mixture credit pursuant to 26 U.S.C. § 6426(e):

    27.a. The claimant produced the alternative fuel mixture for sale or use in the trade or business of the claimant;

    27.b. The claimant sold the alternative fuel mixture for use as a fuel; or the claimant used the alternative fuel mixture as a fuel;

    27.c. The claimant is registered under 26 U.S.C. § 4101 as an alternative fueler;

    27.d. No other claim has been made by the claimant with respect to the amount of alternative fuel in the mixture;

---

[3] *See, e.g.*, https://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=STANDARDS&p_id=9756 (OSHA), http://www.elgas.com.au/blog/486-comparison-lpg-natural-gas-propane-butane-methane-lng-cng (ELGAS Australia), http://www.afsglobal.com/faq/gas-comparisons.html (Alternative Fuel Systems, Inc.), http://www.exxonmobil.com.sg/en-sg/company/business-and-operations/liquefied-petroleum-gas/characteristics-of-lpg (Exxon Mobil).

27.e. The claimant filed a timely claim for refund on IRS Form 720 (or on IRS Form 720X) with all of the required information; and

27.f. The claimant has a 26 U.S.C. § 4081 liability for the period of the claim for refund, and the total amount of the alternative fuel mixture excise tax credit claimed under 26 U.S.C. § 6426(e) for the period of the claim for refund does not exceed such liability.

IRS Notice 2006-92, Section 4.

28. "[W]here Congress has used technical words or terms of art, it [is] proper to explain them by reference to the art or science to which they [are] appropriate." *Corning Glass Works v. Brennan*, 417 U.S. 188, 201 (1974).

29. If a term is used in the Internal Revenue Code without definition and the legislative history fails to provide any insight or guidance as to the appropriate definition, the ordinary and common usage of the term is the definition that will be used in applying the provision of the Internal Revenue Code. *Texaco v. Comm'r*, 101 T.C. 571, 575 (1993).

30. Where Congress has used technical words or terms of art, it is proper to explain them by reference to the art or science to which they are appropriate. *Shell Petroleum v. United States*, 182 F.3d 212, 217 (3d Cir. 1999).

31. The Commissioner issued Revenue Ruling 2018-2 (December 14, 2017), which ruled that a gasoline-butane mixture is not eligible for the alternative fuel mixture credit under 26 U.S.C. § 6426(e) because butane is a "taxable fuel" as defined in 26 U.S.C. § 4081, and not an "alternative fuel" as defined in 26 U.S.C. § 6426(d).

## VI.
## ALLEGATIONS

32. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-11.

7

20531732.1

Case 1:19-cv-00595-WCG  Filed 04/24/19  Page 7 of 14  Document 1

33. During each of the Taxable Quarters at Issue, Plaintiff produced alternative fuel mixtures comprised of butane and at least 0.1% gasoline by volume for sale in Plaintiff's business.

34. During each of the Taxable Quarters at Issue, Plaintiff purchased the butane used in its alternative fuel mixtures from third parties. Plaintiff has in its possession the name, address, and employer identification number of the parties that sold the butane to Plaintiff, the dates of purchase, and documentation identifying the butane purchased during the Taxable Quarters at Issue.

35. During each of the Taxable Quarters at Issue, Plaintiff sold the alternative fuel mixtures (gasoline-butane mixtures) to third parties for use as a fuel.

36. At the time Plaintiff filed its IRS Forms 720X for the Taxable Quarters at Issue, Plaintiff was registered under 26 U.S.C. § 4101 by possessing IRS approved registration number: 2005-001296-D-M-S-X-AL-AM-NB-UV.

37. Plaintiff did not make any other claims for refund with respect to the amount of alternative fuel in the mixture for the Taxable Quarters at Issue.

38. For each of the Taxable Quarters at Issue, Plaintiff timely filed IRS Forms 720, on which it reported and paid its quarterly Federal excise tax liability, pursuant to 26 U.S.C. § 4081.

39. For each of the Taxable Quarters at Issue, Plaintiff subsequently timely filed IRS Form 720X, Amended Quarterly Federal Excise Tax Return, reported the alternative fuel mixture credits pursuant to 26 U.S.C. § 6426(e) for its gasoline-butane mixtures, and requested refunds of previously paid 26 U.S.C. § 4081 Federal excise taxes in the amount of the 26 U.S.C. § 6426(e) alternative fuel mixture credits.

40. For each of the Taxable Quarters at Issue, the amount of credit claimed by Plaintiff for the alternative fuel mixtures is the product of $0.50 and the number of gallons of butane used to produce the gasoline-butane mixtures.

41. For each of the Taxable Quarters at Issue, Plaintiff had 26 U.S.C. § 4081 Federal excise tax liability, and the total amount of the 26 U.S.C. § 6426(e) alternative fuel mixture tax credits claimed never exceeded Plaintiff's 26 U.S.C. § 4081 Federal excise tax liability.

42. In summary, for each of the Taxable Quarters at Issue, the following chart illustrates the amount of 26 U.S.C. § 4081 liability reported on IRS Forms 720, the quantity of butane used in the production of the alternative fuel mixtures, the amount of alternative fuel mixture credits claimed by Plaintiff, and the filing date of Plaintiff's IRS Forms 720X claims for refund:

| Taxable Quarter | 26 U.S.C. § 4081 Excise Tax liability | Butane used in alternative fuel mixture (in gallons) | Alternative fuel mixture credits § 6426(e) | Filing Date of Refund Claims On Form 720X |
|---|---|---|---|---|
| Mar. 31, 2017 | $38,608,198.79 | 2,922,700 | $1,461,350.00 | Sep. 28, 2018 |
| Jun. 30, 2017 | $46,750,401.37 | 2,311,723 | $1,155,861.50 | Sep. 28, 2018 |
| Sep. 30, 2017 | $52,677,098.57 | 3,600,509 | $1,800,254.50 | Sep. 28, 2018 |
| Dec. 31, 2017 | $40,634,734.81 | 7,329,555 | $3,664,777.50 | Sep. 28, 2018 |

43. Plaintiff disagrees with the analysis set forth in Revenue Ruling 2018-2, including the Commissioner's determination that butane is not a "liquefied petroleum gas" as the term is used in 26 U.S.C. § 6426(d) to define the term "alternative fuel" for purposes of applying the 26 U.S.C. § 6426(e) alternative fuel mixture credit.

44. Plaintiff alleges and intends to prove that the term "liquefied petroleum gas", as used in 26 U.S.C. § 6426(d), should be given the term's common industry and scientific

meaning, as relied on by the energy industry and Defendant's own agencies (U.S. Dept. of Energy EIA), which defines "liquefied petroleum gas" as including butane.

45. Revenue Ruling 2018-2 is inconsistent with the congressional intent of 26 U.S.C. § 6426(e) and the Commissioner's interpretation of the meaning of the term "liquefied petroleum gas" in the application of 26 U.S.C. § 6426(e) would achieve an absurd result. In addition, Revenue Ruling 2018-2 is inconsistent with the Commissioner's own interpretations of the meaning of other terms used in 26 U.S.C. § 6426 (*e.g.,* compressed natural gas and renewable diesel). *See* IRS LAFA 20151001F; IRS Notice 2007-37, 2017-29 IRB 89; and Chief Counsel Advice 201144024.

46. The Commissioner has improperly and unlawfully failed to refund the Federal excise taxes paid with respect to the Taxable Quarters at Issue in amounts equivalent to the 26 U.S.C. § 6426(e) alternative fuel mixture credits claimed by Plaintiff on its IRS Forms 720X.

47. For each of the Taxable Quarters at Issue, more than six months have expired since Plaintiff filed its IRS Forms 720X claims for refund of Federal excise taxes that were erroneously collected from Plaintiff and illegally retained by Defendant with respect to the Taxable Quarters at Issue, plus any statutory interest allowed.

48. Accordingly, this action with respect to the claims for refund for the Taxable Quarters at Issue is timely commenced with respect to 26 U.S.C. § 6532(a).

## VII.
## ASSIGNMENTS OF ERROR

**Count One – March 31, 2017 Claim**

49. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-11 and paragraphs 31-48.

50. Because Plaintiff used 2,922,700 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending March 31, 2017, of $1,461,350.00 ($0.50 x 2,922,700 gallons of butane).

51. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending March 31, 2017, was $38,608,198.79, Plaintiff properly claimed a refund of $1,461,350.00.

52. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,461,350.00, plus any allowable interest.

**Count Two – June 30, 2017 Claim**

53. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-11 and paragraphs 31-48.

54. Because Plaintiff used 2,311,723 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending June 30, 2017, of $1,155,861.50 ($0.50 x 2,311,723 gallons of butane).

55. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending June 30, 2017, was $46,750,401.37, Plaintiff properly claimed a refund of $1,155,861.50.

56. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,155,861.50, plus any allowable interest.

**Count Three – September 30, 2017 Claim**

57. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-11 and paragraphs 31-48.

58. Because Plaintiff used 3,600,509 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2017, of $1,800,254.50 ($0.50 x 3,600,509 gallons of butane).

59. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2017, was $52,677,098.57, Plaintiff properly claimed a refund of $1,800,254.50.

60. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $1,800,254.50, plus any allowable interest.

**Count Four – December 31, 2017 Claim**

61. Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1-11 and paragraphs 31-48.

62. Because Plaintiff used 7,329,555 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture tax credits during the taxable period ending December 31, 2017, of $3,664,777.50 ($0.50 x 7,329,555 gallons of butane).

63. Because Plaintiff's Federal excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2017, was $40,634,734.81, Plaintiff properly claimed a refund of $3,664,777.50.

64. For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $3,664,777.50, plus any allowable interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Plaintiff be refunded $8,082,243.50, which includes $1,461,350.00 for the taxable period ending March 31, 2017; $1,155,861.50 for the taxable period ending June 30, 2017; $1,800,254.50 for the taxable period ending September 30, 2017; and $3,664,777.50 for the taxable period ending December 31, 2017, together with any interest as allowed by law.

2. Plaintiff's costs of this action and for such other, further, and different relief as this Court may deem appropriate.

Dated this 24th day of April, 2019.

        s/ Jonathan T. Smies
        Jonathan Smies
        State Bar No. 1045422
        Godfrey Kahn S.C.
        200 South Washington St., Suite 100
        Green Bay, WI 54301-4298
        Telephone: (920) 436-7667
        Facsimile: (920) 436-7988
        ismies@gklaw.com

        Shawn R. O'Brien
        Texas Bar No. 24007768
        Mayer Brown LLP
        700 Louisiana Street, Suite 3400
        Houston, TX 77002
        Telephone: (713) 238-2848
        Facsimile: (713) 238-4602
        sobrien@mayerbrown.com

        Maria C. Critelli
        Iowa State Bar No. AT0012255
        71 S. Wacker Drive
        Chicago, IL 60606
        Telephone: (312) 701-7424
        Facsimile: (312) 706-9251
        mcritelli@mayerbrown.com

        Attorneys for Plaintiff, U.S. Venture, Inc.

14

20531732.1
Case 1:19-cv-00595-WCG   Filed 04/24/19   Page 14 of 14   Document 1